**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **SABLE NETWORKS, INC. AND SABLE IP, LLC,** *PLAINTIFFS,* **V.** **NOKIA CORPORATION; NOKIA OF AMERICA CORPORATION; AND NOKIA SOLUTIONS AND NETWORKS OY,** *DEFENDANTS.* | **Civil Action No. 6:20-CV-00808-ADA** **JURY TRIAL DEMANDED** |

**NOKIA OF AMERICA CORPORATION AND**
**NOKIA SOLUTIONS AND NETWORKS OY'S ANSWER**

Defendants Nokia of America Corporation and Nokia Solutions and Networks Oy (collectively "Nokia") provide their Answer and Defenses to the Complaint filed by Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable") ("Complaint") (Dkt. No. 1).

## INTRODUCTION

1.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.    Nokia denies the allegation that Nokia makes use of the inventions claimed in Sable's patent portfolio. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies them.

## SABLE'S PATENT PORTFOLIO

11.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

## THE PARTIES

### SABLE NETWORKS, INC.

13.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

### SABLE IP, LLC

16.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

### NOKIA DEFENDANTS

17.     Nokia Corporation was never served and Sable has agreed to dismiss Nokia Corporation from the case.  Nevertheless, Nokia admits that Nokia Corp. is a company organized under the laws of Finland, with a place of business at Karakaari 7, 02610 Espoo, Finland. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 17.

18.     Nokia admits that Nokia of America Corporation is a Delaware corporation with a principal place of business at 600 Mountain Avenue, Murray Hill, New Jersey 07974. Nokia further admits that Nokia of America Corporation has a registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 18.

19.     Denied.

20.     Nokia admits that Nokia Solutions and Networks Oy is a corporation organized and existing under the laws of Finland, that it is registered to do business in the State of Texas, and that it has a registered agent, Corporation Service Company *d/b/a* CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 20.

21.     Nokia denies that it conducts business operations at 12515 Research Blvd., Building 5, Austin, Texas 78759 but admits that Nokia of America Corporation conducts business in the Western District of Texas. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 21.

## JURISDICTION AND VENUE

22.     Nokia admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Sable is entitled to any relief. Nokia admits that this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Nokia denies any remaining allegations of paragraph 22.

23.     Nokia does not contest that it is subject to the Court's personal jurisdiction for the purposes of this particular action only. Nokia denies that any of its products, systems, or services infringe the Asserted Patent. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 23.

24.     Nokia admits, for this case only, that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Nokia admits that Nokia of America Corporation has offices in the State of Texas and has transacted business in the Western District of Texas but denies that Nokia

has committed infringing acts in this district or elsewhere in the United States. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 24.

25.     Nokia does not contest that it is subject to the Court's personal jurisdiction for the purposes of this particular action only. Nokia denies that any of its products, systems, or services infringe the Asserted Patent. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 25.

26.     Nokia does not contest that it is subject to the Court's specific personal jurisdiction for the purposes of this particular action only. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 26.

## THE ASSERTED PATENTS

### U.S. PATENT NO. 6,954,431

27.     Nokia admits that information on the face of U.S. Patent No. 6,954,431 ("the '431 patent"), attached to the Complaint as Exhibit A, states that it is titled "Micro-Flow Management." Nokia admits that the face of the '431 patent bears a filing date of December 6, 2001. Nokia admits that the face of the '431 patent states that it is subject to a 35 U.S.C. § 154(b) term extension of 722 days. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies them.

28.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

**U.S. PATENT NO. 6,977,932**

38.     Nokia admits that information on the face of U.S. Patent No. 6,977,932 ("the '932 patent"), attached to the Complaint as Exhibit B, states that it is titled "System and Method for Network Tunneling Utilizing Micro-Flow State Information." Nokia admits that the face of the '932 patent bears a filing date of January 16, 2002. Nokia admits that the face of the '932 patent states that it is subject to a 35 U.S.C. § 154(b) term extension of 815 days. Nokia is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 and therefore denies them.

39.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

**U.S. PATENT NO. 7,012,919**

49.     Nokia admits that information on the face of U.S. Patent No. 7,012,919 ("the '919 patent"), attached to the Complaint as Exhibit C, states that it is titled "Micro-Flow Label Switching." Nokia admits that the face of the '919 patent bears a filing date of December 8, 2000. Nokia admits that the face of the '919 patent states that it is subject to a 35 U.S.C. § 154(b) term extension of 1,069 days. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies them.

50.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

**U.S. PATENT NO. 8,243,593**

62.     Nokia admits that information on the face of U.S. Patent No. 8,243,593 ("the '593 patent"), attached to the Complaint as Exhibit D, states that it is titled "Mechanism for Identifying and Penalizing Misbehaving Flows in a Network." Nokia admits that the face of the '593 patent bears a filing date of December 22, 2004. Nokia admits that the face of the '593 patent states that it is subject to a 35 U.S.C. § 154(b) term extension of 1,098 days. Nokia admits that the face of the '593 patent states that Sable Networks, Inc. is the assignee of the '593 patent. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 and therefore denies them.

63.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

**U.S. PATENT NO. 8,817,790**

73.     Nokia admits that information on the face of U.S. Patent No. 8,817,790 ("the '790 patent"), attached to the Complaint as Exhibit E, states that it is titled "Identifying Flows Based on Behavior Characteristics and Applying User-Defined Actions." Nokia admits that the face of the '790 patent bears a filing date of September 23, 2011. Nokia admits that the face of the '790 patent states that Sable Networks, Inc. is the assignee of the '790 patent. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and therefore denies them.

74.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,954,431

84.     Nokia repeats its responses to Paragraphs 1-83 above, as if fully set forth herein.

11

85.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     Nokia admits that one or more Nokia entities offers for sale the Nokia 7450 Ethernet Service Switch (including models: ESS-12 and ESS-7); Nokia 7750 Service Router (including models: 7750 SR-1s, 7750 SR-2s, 7750 SR-7s, 7750 SR-14s, 7750 SR-a4, 7750 SR-a8, 7750 SR-1, 7750 SR-7, 7750 SR-12, 7750 SR-12e, 7750 SR-1e, 7750 SR-2e, and 7750 SR-3e); Nokia 7950 Extensible Routing System (including models: 7950 XRS-20e and 7950 XRS-20); Nokia Virtualized Service Router; and Nokia 7705 Service Aggregation Router (including models: 7705 SAR-X, 7705 SAR-A, 7705 SAR-Ax, 7705 SAR-M, 7705 SAR-18, 7705 SAR-H, 7705 SAR-Hc, and 7705 SAR-Wx) to customers in the United States, but denies the accuracy of any characterization of its products in the allegations of paragraph 86, including, but not limited to any characterization that any Nokia products infringe or are otherwise associated in any way with the '431 Patent. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 and therefore denies them.

87.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     Nokia acknowledges the figure reproduced in paragraph 89 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System – Advanced Configuration Guide – Part II Releases Up To

15.0.R5, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 89 and denies any remaining allegations of paragraph 89.

90.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

93.     Nokia acknowledges the figure reproduced in paragraph 93 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System, Virtualized Service Router – Quality of Service Guide Release 20.7.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 93 and denies any remaining allegations of paragraph 93.

94.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95.     Nokia acknowledges the figure reproduced in paragraph 95 purports to be taken from a publication identified by Sable as 7750 Service Aggregation Router Release 20.4.R1 Quality of Service Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 95 and denies any remaining allegations of paragraph 95.

96.     Nokia acknowledges the figure reproduced in paragraph 96 purports to be taken from a publication identified by Sable as 7750 Service Aggregation Router Release 20.4.R1

Quality of Service Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 96 and denies any remaining allegations of paragraph 96.

97.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Denied.

99.     Admit as modified by paragraph 86.

100.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies them.

101.    Denied.

102.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

103.    Nokia of America Corporation and Nokia Solutions and Networks Oy admit receipt of the Complaint. Except as expressly admitted, denied.

104.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

105.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

106.    Denied.

107.    Denied.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,977,932

108.    Nokia repeats its responses to Paragraphs 1-107 above, as if fully set forth herein.

109.    Nokia admits that one or more Nokia entities offers for sale the Nokia Network Services Platform (NSP); Nokia 7450 Ethernet Service Switch (including models: ESS12, ESS-7); Nokia 7750 Service Router (including models: 7750 SR-1s, 7750 SR-2s, 7750 SR-7s, 7750 SR-14s, 7750 SR-a4, 7750 SR-a8, 7750 SR-1, 7750 SR-7, 7750 SR-12, 7750 SR-12e, 7750 SR-1e, 7750 SR-2e, and 7750 SR-3e); and Nokia 7950 Extensible Routing System (including models: 7950 XRS-20e and 7950 XRS-20) to customers in the United States, but denies the accuracy of any characterization of its products in the allegations of paragraph 109, including, but not limited to any characterization that any Nokia products infringe or are otherwise associated in any way with the '932 Patent. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109 and therefore denies them.

110.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 and therefore denies them.

111.    Denied.

112.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

113.    Nokia acknowledges the figure reproduced in paragraph 113 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System Advanced Configuration Guide Part I Releases Up To 16.0.R7, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 113 and denies any remaining allegations of paragraph 113.

114.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 and therefore denies them.

115.   Nokia acknowledges the figure reproduced in paragraph 115 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System, Virtualized Service Router Release 15.0.R4 Router Configuration Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 115 and denies any remaining allegations of paragraph 115.

116.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 and therefore denies them.

117.   Nokia acknowledges the figure reproduced in paragraph 117 purports to be taken from a publication identified by Sable as Alcatel-Lucent 7750 Service Router Release 13.0.R4 Router Configuration Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 117 and denies any remaining allegations of paragraph 117.

118.   Nokia acknowledges the figure reproduced in paragraph 118 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System, Virtualized Service Router Release 15.0.R4 Router Configuration Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 118 and denies any remaining allegations of paragraph 118.

119.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 and therefore denies them.

120.   Admit as modified by paragraph 109.

121.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 and therefore denies them.

122.    Denied.

123.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

124.    Nokia of America Corporation and Nokia Solutions and Networks Oy admit receipt of the Complaint. Except as expressly admitted, denied.

125.    Denied.

126.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

127.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

128.    Denied.

129.    Denied.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,012,919

130.    Nokia repeats its responses to Paragraphs 1-129 above, as if fully set forth herein.

131.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 and therefore denies them.

132.    Nokia admits that one or more Nokia entities offers for sale the Nokia 7450 Ethernet Service Switch (including models: ESS12, ESS-7); Nokia 7750 Service Router (including models: 7750 SR-1s, 7750 SR-2s, 7750 SR-7s, 7750 SR-14s, 7750 SR-a4, 7750 SR-a8, 7750 SR-1, 7750 SR-7, 7750 SR-12, 7750 SR-12e, 7750 SR-1e, 7750 SR-2e, and 7750 SR-

3e); and Nokia 7950 Extensible Routing System (including models: 7950 XRS-20e and 7950 XRS-20) to customers in the United States, but denies the accuracy of any characterization of its products in the allegations of paragraph 132, including, but not limited to any characterization that any Nokia products infringe or are otherwise associated in any way with the '919 Patent. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 and therefore denies them.

133.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 and therefore denies them.

134.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 and therefore denies them.

135.    Nokia acknowledges the figure reproduced in paragraph 135 purports to be taken from a publication identified by Sable as Alcatel-Lucent 7750 Service Router Release 13.0.R4 Router Configuration Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 135 and denies any remaining allegations of paragraph 135.

136.    Nokia acknowledges the figure reproduced in paragraph 136 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System MPLS Guide Release 15.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 136 and denies any remaining allegations of paragraph 136.

137.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 and therefore denies them.

138.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 and therefore denies them.

139.    Nokia acknowledges the figure reproduced in paragraph 139 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, 7950 Extensible Routing System MPLS Guide Release 15.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 139 and denies any remaining allegations of paragraph 139.

140.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 and therefore denies them.

141.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 and therefore denies them.

142.    Admit as modified by paragraph 132.

143.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 and therefore denies them.

144.    Denied.

145.    Denied.

146.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

147.    Nokia of America Corporation and Nokia Solutions and Networks Oy admit receipt of the Complaint. Except as expressly admitted, denied.

148.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

149.   The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

150.   Denied.

151.   Denied.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,243,593

152.   Nokia repeats its responses to Paragraphs 1-151 above, as if fully set forth herein.

153.   Admit.

154.   Nokia admits that one or more Nokia entities offers for sale the Nokia 7450 Ethernet Service Switch and Nokia 7750 Service Router to customers in the United States, but denies the accuracy of any characterization of its products in the allegations of paragraph 154, including, but not limited to any characterization that any Nokia products infringe or are otherwise associated in any way with the '593 Patent. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 154 and therefore denies them.

155.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 and therefore denies them.

156.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 and therefore denies them.

157.   Admit as modified by paragraph 154.

158.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 and therefore denies them.

159.   Denied.

160.     Nokia acknowledges the figure reproduced in paragraph 160 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Extensible Routing System Advanced Configuration Guide – Part III Releases up to 20.2.R2, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 160 and denies any remaining allegations of paragraph 160.

161.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 and therefore denies them.

162.     Nokia acknowledges the figure reproduced in paragraph 162 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Extensible Routing System Advanced Configuration Guide – Part III Releases up to 20.2.R2, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 162 and denies any remaining allegations of paragraph 162.

163.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 and therefore denies them.

164.     Nokia acknowledges the figure reproduced in paragraph 164 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Virtualized Service Router MultiService ISA and ESA Guide Release 20.5.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 164 and denies any remaining allegations of paragraph 164.

165.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and therefore denies them.

166.     Nokia acknowledges the figure reproduced in paragraph 166 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router,

Virtualized Service Router MultiService ISA and ESA Guide Release 20.5.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 166 and denies any remaining allegations of paragraph 166.

167.   Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 and therefore denies them.

168.   Denied.

169.   The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

170.   Nokia of America Corporation and Nokia Solutions and Networks Oy admit receipt of the Complaint. Except as expressly admitted, denied.

171.   The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

172.   The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

173.   Denied.

174.   Denied.

### COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 8,817,790

175.   Nokia repeats its responses to Paragraphs 1-174 above, as if fully set forth herein.

176.   Admit.

177.   Nokia admits that one or more Nokia entities offers for sale the Nokia 7450 Ethernet Service Switch and Nokia 7750 Service Router to customers in the United States, but denies the accuracy of any characterization of its products in the allegations of paragraph 177,

including, but not limited to any characterization that any Nokia products infringe or are otherwise associated in any way with the '790 Patent. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 177 and therefore denies them.

178.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178 and therefore denies them.

179.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179 and therefore denies them.

180.    Admit as modified by paragraph 177.

181.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 181 and therefore denies them.

182.    Denied.

183.    Nokia acknowledges the figure reproduced in paragraph 183 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Virtualized Service Router MultiService Integrated Service Adapter Guide Release 16.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 183 and denies any remaining allegations of paragraph 183.

184.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184 and therefore denies them.

185.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 185 and therefore denies them.

186.    Nokia acknowledges the figure reproduced in paragraph 186 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router,

Virtualized Service Router MultiService Integrated Service Adapter Guide Release 16.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 186 and denies any remaining allegations of paragraph 186.

187.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187 and therefore denies them.

188.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 and therefore denies them.

189.    Nokia acknowledges the figure reproduced in paragraph 189 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Virtualized Service Router MultiService Integrated Service Adapter Guide Release 16.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 189 and denies any remaining allegations of paragraph 189.

190.    Nokia acknowledges the figure reproduced in paragraph 190 purports to be taken from a publication identified by Sable as 7450 Ethernet Service Switch, 7750 Service Router, Virtualized Service Router MultiService Integrated Service Adapter Guide Release 16.0.R1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 190 and denies any remaining allegations of paragraph 190.

191.    Denied.

192.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

193.    Nokia of America Corporation and Nokia Solutions and Networks Oy admit receipt of the Complaint. Except as expressly admitted, denied.

194.    Denied.

195.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

196.    The parties have filed and the Court has granted a joint stipulation to dismiss Plaintiffs' induced and willful infringement allegations.  Nevertheless, denied.

197.    Denied.

198.    Denied.

## ANSWER TO THE PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Sable's Prayer for Relief, Nokia denies that Sable is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to Nokia. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

## ANSWER TO THE DEMAND FOR JURY TRIAL

This paragraph sets forth Sable's demand for a trial by jury on all issues so triable to which no response is required.

## DEMAND FOR JURY TRIAL

Nokia hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Nokia alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Sable's burden of proof on its affirmative claims against Nokia, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Nokia

specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

1.  The Accused Products do not infringe any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents. Further, Nokia has not performed any act in violation of any rights belonging to Sable.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

2.  The claims of the Asserted Patents are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the asserted claims will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

3.  Sable is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any Accused Product or service alleged to infringe those patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

4.  Sable's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and / or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Equitable Entitlement to Injunctive Relief)

5.  Sable is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Sable is not immediate or irreparable, Sable has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Limitations on Damages)

6.  Any claim by Sable for damages is limited by 35 U.S.C. §§ 286 and / or 287. Sable is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

7.  To the extent that Plaintiffs, their predecessors, or licensees of the Patents-in-Suit failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, Plaintiffs' damages are barred, in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

8.  Sable is not entitled to enhanced damages under 35 U.S.C. § 284 because Sable has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

9.  Sable's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

10. Sable cannot prove that this is an exceptional case justifying an award of attorney's fees against Nokia pursuant to 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

11. The claims made in the Complaint are barred, in whole or in part, because Nokia is not liable for the acts of others over whom it has no control.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

12. Sable's claims against Nokia are barred because Sable's damages, if any, were not caused by Nokia.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

13. Nokia reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future. Assertion of a defense is not a concession that Nokia has the burden of proving the matter asserted.

Respectfully submitted, this 16th day of November, 2020.

/s/ John D. Haynes
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile:  (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Wesley C. Achey
Shawn P. Gannon
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
wes.achey@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
darlena.subashi@alston.com

*Counsel for Defendants Nokia of America*
*Corporation and Nokia Solutions and*
*Networks Oy*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of November, 2020, I electronically filed the foregoing NOKIA OF AMERICA CORPORATION AND NOKIA SOLUTIONS AND NETWORKS OY'S ANSWER with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

<u>/s/ *John D. Haynes*    </u>
John D. Haynes

*Counsel for Defendants Nokia of America Corporation and Nokia Solutions and Networks Oy*